```
            UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS


SELENA JACKSON,                 )
        Plaintiff,              )
                                )
        v.                      )
                                ) C.A. No.  05-11559-RWZ
                                )
VESPA GIBBS, et al.,            )
        Defendants.             )
```

MEMORANDUM AND ORDER

For the reasons stated below, if Selena Jackson wishes to proceed with an action in this court, she is granted additional time to (1) either pay the filing fee or file an Application to Proceed Without Prepayment of Fees; and (2) file a complaint in accordance with the Federal Rules of Civil Procedure.

BACKGROUND

On or about July 18, 2005, the Clerk of Court received two documents from Selena Jackson of Mattapan, Massachusetts. The documents do not contain Ms. Jackson's original signature and appear to be photocopies or facsimiles of documents concerning litigation before the Boston Housing Court. The documents concern, among other things, the demolition of rear porches at Ms. Jackson's residence at 57 Westmore Road. Each document references Boston Housing Court case number 03CV00595.

DISCUSSION

I.  Filing Fee

A party filing a civil complaint in this Court must either (1) pay the $250.00 filing fee or (2) file an Application to

Proceed Without Prepayment of Filing Fees and Affidavit (the "Application"). See 28 U.S.C. 1914(a) ($250.00 filing fee); 28 U.S.C. 1915 (proceedings in forma pauperis).

   II.   Plaintiff Failed to File A Complaint

In order to commence a civil action in this Court, a plaintiff must file a complaint. Fed. R. Civ. P. 3. The complaint must contain a "short and plain statement" (1) of the grounds upon which the court's jurisdiction rests and (2) of the claim(s) showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). The complaint must also contain a demand for judgment. Id.

Although plaintiff filed several documents, she has not filed a complaint. The documents contain no allegations demonstrating jurisdiction, no claim(s) for relief, nor a demand for judgment sufficient to comply with the strictures of Rule 8.

Because pro se pleadings are to be construed generously, the Court will grant time to plaintiff to file a complaint that conforms with the Federal Rules of Civil Procedure and the Local Rules of this Court. Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding that pro se litigants are entitled to liberal construction of their pleadings); McClellon v. Lone Star Gas Company, 66 F.3d 98, 103 (5th Cir. 1995) (pro se complainant should be given leave to amend defective allegations; amended complaint filed to cure Rule 8 pleading deficiencies relate back

to the original, deficient complaint when the amended complaint properly pleads what the party "attempted to set forth" in the original complaint); Case v. Califano, 441 F. Supp. 304, 306 n. 1 (D. S.C. 1977) (filing of a copy of the Appeals Council rejection letter was sufficient to commence civil action where court has "seen all types of scraps of paper construed as proper complaints in pro se prisoner actions."); see also Instituto de Educacion Universal Corp. v. Department of Educ., 209 F.3d 18, 23 (1st Cir. 2000) (stating that court was "troubled" by rigid approach to the construction of pleadings; where action had been transferred to the court without a complaint it could direct litigant to file a complaint).

However, if plaintiff decides to file a complaint based upon an alleged housing dispute, such action would likely be subject to dismissal.

III. Federal Court Jurisdiction

In order for this Court to hear and decide plaintiff's claims, it must either have (1) federal question or (2) diversity subject-matter jurisdiction. See 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332 (diversity jurisdiction); In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. 1988) (court has an obligation to inquire sua sponte whether subject-matter jurisdiction exists and to proceed no further if such jurisdiction is lacking). Plaintiff's purported

housing dispute does not provide a basis for federal court jurisdiction.

ORDER

ACCORDINGLY, it is hereby

ORDERED, plaintiff Selena Jackson shall, within 35 days of the date of this Order, (1) file a complaint that complies with the Federal Rules of Civil Procedure; and (2) either pay the $250 filing fee or submit an Application to Proceed Without Prepayment of Fees and Affidavit. In default thereof, the case will be dismissed.

The Clerk is directed to send to plaintiff (1) an Application to Proceed Without Prepayment of Fees and Affidavit; and (2) a copy of "Step by Step: A Simple Guide to Filing a Civil Action."

SO ORDERED.

```
 July 28, 2005           /s/ Rya W. Zobel
DATE                    UNITED STATES DISTRICT JUDGE
```